a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SARONTAY DEON BANKS #50975-039, <br> Plaintiff | CIVIL DOCKET NO. 1:21-CV-04469 <br> SEC P |
| VERSUS | JUDGE DRELL |
| C MCCONNELL, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Sarontay Deon Banks ("Banks"). Banks is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana.

Because Banks is not entitled to proceed under § 2241, the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I.  Background

As summarized by the United States Court of Appeals for the Sixth Circuit:

In 2016, Banks pleaded guilty, without a plea agreement, to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). The district court sentenced Banks as a career offender, *see* USSG § 4B1.2, to 151 months of imprisonment. We affirmed Banks's sentence on direct appeal. *United States v. Banks*, 722 F. App'x 505, 515 (6th Cir. 2018).

In 2018, Banks filed a § 2255 motion, contending that trial and appellate counsel had rendered ineffective assistance, including by not arguing that Hobbs Act robbery was not a crime of violence under the Sentencing Guidelines' career-offender provisions. The district court denied the §

1

    2255 motion on the merits and declined to issue Banks a certificate of appealability. *United States v. Banks*, Nos. 15-CR-20077-11, 18-CV-12519, 2019 WL 8301034, at *4 (E.D. Mich. Apr. 24, 2019) (order). Banks did not appeal.

    In September 2019, Banks moved the district court to reconsider its denial of his § 2255 motion pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. In his Rule 60(b)(5) motion, Banks challenged his career-offender designation on the basis that Hobbs Act robbery was no longer a crime of violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court construed the Rule 60(b)(5) motion as a second or successive § 2255 motion and transferred it to this court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Banks has since filed in this court a corrected motion for authorization to file a second or successive § 2255 motion, in which he reiterates his *Davis* claim. He also argues that he is entitled to relief pursuant to our decision in *United States v. Camp*, 903 F.3d 594, 600 (6th Cir. 2018) (holding that Hobbs Act robbery does not qualify as a crime of violence under the Sentencing Guidelines' use-of-force clause as defined in USSG § 4B1.2(a)(1)), *cert. denied*, 139 S. Ct. 845 (2019).

In Re: *Sarontay Banks,* 20-1306 (6th Cir. 9/8/2020).

    The appellate court denied authorization to file a second or successive § 2255 motion because "although Banks argues that his motion is based on newly discovered evidence, the holdings in *Camp* and *Davis* do not constitute evidence, newly discovered or otherwise." *Id.* The court noted that Banks's reliance on *Camp* was misplaced because it is not "a new rule of constitutional law" that the Supreme Court "made retroactive to cases on collateral review." *See* 28 U.S.C. § 2255(h)(2). Finally, the appellate court stated that *Davis* was inapplicable because it invalidated the residual clause of 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague, and Banks was not convicted of violating § 924(c). *Id.* Rather, he was convicted of conspiracy to commit Hobbs Act robbery under § 1951(a).

2

The district court designated him as a career offender under § 4B1.2 of the sentencing guidelines. *Davis* did not address the career-offender provisions of the Sentencing Guidelines or its definition of "crime of violence." *Id.*

Banks then filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) due to sentencing disparities between Banks and his co-defendants that were caused by post-sentencing non-retroactive changes in the law in the Sixth Circuit. *Banks*, 2:15-CR-2007 (E.D. Mich.), ECF No. 305. That motion remains pending.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)).

However, the savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

To satisfy the savings clause, a petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).

Banks claims that his conviction and sentence are unlawful because conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under § 4B1.2 of the United States Sentencing Guidelines. ECF No. 1-2 at 6. Banks concludes that, because the residual clause of the Armed Career Criminal Act ("ACCA") was found to be unconstitutionally vague in *Johnson v. United States*, 576 U.S. 591 (2015); the residual clause of § 924(c) was found unconstitutionally vague in *Davis*; and the residual clause of 18 U.S.C. § 16(b) was found unconstitutionally vague in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018); the same must apply here. Banks also relies on *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), in which the United

4

States Court of Appeals for the Fourth Circuit held that Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause.

However, *Johnson*, *Davis*, and *Dimaya* do not apply to the advisory sentencing guidelines. *See Beckles v. United States*, 137 S.Ct. 886, 894 (2017) (the advisory Sentencing Guidelines are not subject to a vagueness challenge); *Cardoza-Marroquin v. United States*, 7:15-CR-00499, 2019 WL 7040800, at *7 (S.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 7037398 (S.D. Tex. 2019) ("The Sentencing Guidelines, unlike criminal statutes, are not subject to 'void-for-vagueness' challenges under the Due Process Clause; therefore, even assuming an unconstitutional 'residual clause' was utilized to enhance a sentence, Movant would not have a right or claim under *Johnson*, *Dimaya*, or *Davis*.").[1] And even if *Simms* applied to the guidelines, it is not a Supreme Court case that can satisfy the requirements of the savings clause.

Banks has failed to identify a retroactively applicable Supreme Court decision establishing that he was "actually innocent" of the charges. Therefore, he cannot meet the first requirement of the savings clause.

---

[1] *See also Sierra-Jaimes v. Shultz*, No. 2:18-CV-435, 2019 WL 3937678, at *3 (S.D. Tex. July 29, 2019) (concluding that *Dimaya* had no effect on the definition of "crime of violence" under the sentencing guidelines), *rec. adopted*, 2019 WL 3936134 (S.D. Tex. 2019); *Herrera-Morales v. United States*, No. 3:18-CV-1591, 2019 WL 2719355, at *2 (N.D. Tex. 2019) (finding that "the holding in *Dimaya* is limited to the application of 18 U.S.C. § 16(b)" and rejecting movant's challenge under the sentencing guidelines), *rec. adopted*, 2019 WL 2716702 (N.D. Tex. June 28, 2019).

### III. Conclusion

Because Banks cannot meet the requirements of the savings clause, the § 2241 Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Banks's claim.[2]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 22, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).